**SO ORDERED.**

**SIGNED this 22 day of January, 2010.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| CLAUDIA Z. NEWELL, | 09-03636-8-JRL |
| DEBTOR. | Chapter 11 |

### ORDER

This case is before the court on the motion of Robert Touhey for relief from the automatic stay. A hearing took place in Raleigh, North Carolina on January 12, 2010.

The debtor, Claudia Newell, filed for protection under Chapter 11 of the Bankruptcy Code on May 1, 2009. Newell and Touhey were previously married and obtained a divorce in Carteret County on August 1, 2006. A consent order setting forth their mutual agreement as to the equitable distribution of each party's property rights and obligations was approved by the county court on July 9, 2007. More than a year later the parties filed cross motions, each party alleging that the other had violated the terms of the consent order. The motions were set for hearing and continued twice before Newell filed her bankruptcy petition, thereby automatically staying the county court action.

Touhey submitted a proof of claim in Newell's bankruptcy case based on her alleged breach of the consent order. He also initiated an adversary proceeding to determine Newell's

liability for the alleged breach and seeking a determination that any liability arising from breach of the consent order be deemed non-dischargeable. In her answer, Newell asserted defenses of estoppel, waiver, release and setoff based on Touhey's alleged breach of the consent order.

Section 362(d) of the Bankruptcy Code provides that a court may grant relief from the automatic stay "for cause" without defining what constitutes "cause," thus leaving courts to make the discretionary determination on a case-by-case basis. In re Robbins, 964 F.2d 342, 345 (4th Cir. 1992); In re Joyner, 416 B.R. 190, 191 (M.D.N.C. 2009). In making this equitable determination, the court "must balance potential prejudice to the [] debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." Robbins, 964 F.2d at 345; Joyner, 416 B.R. at 192. Factors to consider include:

> (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.

Id.

The court finds that the goals of judicial economy and efficient administration of the estate are best served by denying the requested relief and by determining liability under the consent order in the pending adversary proceeding. Although the issues in the county court proceeding involve only matters of state law, the issues in the adversary proceeding involve questions of state and federal law. Touhey seeks not only a determination of liability for breach of the consent order, but also a determination that any debt resulting therefrom is non-dischargeable. If the requested relief is granted to allow the county court to determine liability, separate bankruptcy proceedings would

2

be necessary to determine the status of the claim and the issue of dischargeability, resulting in waste of judicial resources.

In Robbins, the Fourth Circuit upheld a bankruptcy court's grant of relief from the automatic stay on the basis that the proceedings involved the interpretation and application of state law governing equitable distribution, because a Special Master had been appointed who was already familiar with the case, and because the matter could be heard more expeditiously than in the bankruptcy court. Id. at 346. Here the cause of action concerns only liability resulting from alleged breaches of the consent order by both parties and does not require the resolution of any domestic claims. Due to the rotating schedule of the state court judges and the fact that eight months have passed since the matter was stayed, it is unlikely that the matter would be heard by someone previously familiar with the case. Touhey asserts that because the adversary proceeding is set for trial in November 2010, the matter could be resolved more quickly in the county court. However, counsel for both parties agree that the need for discovery is limited and that a shortened discovery period and speedy trial of the adversary proceeding is in the interest of all parties. A scheduling order will be entered decreasing the discovery period from 180 to 60 days, with the trial of the adversary proceeding to be set at the commencement of the 60 day period.

Concerns were also expressed regarding travel because both parties reside in Carteret County. In order to reduce the hardship caused by maintaining the action in the bankruptcy court, the trial of this matter will be held in Wilmington or New Bern, North Carolina, for the convenience of the parties. By expediting the trial of the adversary proceeding and holding the trial in a location convenient to the parties, the interests of the debtor's estate are effectively balanced against any hardship caused by denying relief from the automatic stay.

Based on the foregoing, the motion for relief from the automatic stay is DENIED.

**"END OF DOCUMENT"**